UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANK HARRIS,

               Plaintiff,

v.

JEFFREY HOWARD, *et al.*,

               Defendants.

_____/

Case No. 2:25-cv-15

Hon. Hala Y. Jarbou

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by Frank Harris, a prisoner in the custody of the Michigan Department of Corrections (MDOC).  After the initial review and screening of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e(c), the Court dismissed all defendants except for Warden Jeffrey Howard.  Opinion (ECF No. 7, PageID.52, 70).  The Court allowed the following claims to proceed: Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131; § 504 of the Rehabilitation Act (RA) of 1973, 29 U.S.C. § 794(a); and, a number of state law claims[1].  *Id*. at PageID.65-70. This matter is now before the Court on defendant Howard's motion to dismiss for failure to state a claim (ECF No. 29).

---

[1] Plaintiff lists the following state law claims: 1. Michigan's Elliot-Larson Civil Rights Act MCL 37.1101; MCL 37.2202; 2. Conspiracy MCL 750.157a; 3. Perjury MCL 750.422; 4. Forgery MCL 750.248(1); 5. Discrimination/Ethnic Intimidation MCL 750.147b; 6. American Disabilities Act [sic], Michigan's Person with Disabilities Civil Rights Act, Title VII of the Civil Rights Act of 1964 [sic], (PWDCRA); 7. State Law Negligence and Intentional Infliction of Emotional Distress.  *See* Compl. (ECF No. 1, PageID.6).

## I.    Discussion

Plaintiff filed his complaint on January 15, 2025.[2]   "Plaintiff alleges that he has been diagnosed as hard of hearing and needs to use a hearing aid for effective communication." Opinion (ECF No. 7, PageID.53).   Plaintiff appears to allege constitutional violations on the following dates in 2024: November 24th; November 26th; December 6th; and, December 10th. *Id*. at PageID.53-54.   Defendant Howard seeks to dismiss this lawsuit because the complaint does not set forth sufficient allegations to demonstrate that plaintiff exhausted administrative remedies before filing the lawsuit as required by the Prison Litigation Reform Act (PLRA).

Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

---

[2] Under the prison mailbox rule, a prisoner's court paper is deemed filed at the time he "delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). "Under this relaxed filing standard, a *pro se* prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court. Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (internal citations omitted).  Here, plaintiff signed his complaint on January 15, 2025.  Compl. (ECF No. 1, PageID.13).

The PLRA provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

Here, defendant contends that plaintiff's complaint should be dismissed because it is "inconceivable" that plaintiff could exhaust administrative remedies before filing this lawsuit. Specifically, defendant contends that "Harris's allegations establishes the failure-to-exhaust affirmative defense because it is inconceivable that he could have exhausted his administrative remedies through the grievance process within the [sic] within 50 days." Defendant's Brief (ECF No. 30, PageID.181). Defendant's motion to dismiss is without merit.

"Courts generally cannot grant motions to dismiss on the basis of an affirmative defense unless the plaintiff has anticipated the defense and explicitly addressed it in the pleadings." *Princeton Excess & Surplus Lines Insurance Co. v. Caraballo*, 693 F. Supp. 3d 783, 790 (N.D.

3

Ohio 2023) (quoting *Estate of Barney v. PNC Bank, National Association*, 714 F.3d. 920, 926 (6th Cir. 2013).  However, the Sixth Circuit has also held "there is no reason *not* to grant a motion to dismiss where the undisputed facts conclusively establish an affirmative defense as a matter of law."  *Hensley Manufacturing, Incorporated v. ProPride, Incorporated*, 579 F.3d 603, 613 (6th Cir. 2009) (emphasis added).  Stated another way, "[a] motion to dismiss can be premised on an affirmative defense . . . if the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief."  *Marsh v. Genentech, Inc.*, 693 F.3d 546, 554-55 (6th Cir. 2012) (internal quotation marks omitted).  *See generally, Jones*, 549 U.S. at 215 (observing that a complaint may be subject to dismissal under Fed. R. Civ. P. 12(b)(6) when an affirmative defense appears on its face).

Contrary to defendant's contention, this is not a case in which the plaintiff's own allegations "conclusively establish an affirmative defense as a matter of law".  As an initial matter, defendant does not set out the relevant portions of the grievance policy or the alleged timeline of exhaustion in this case.  Rather, defendant seeks to justify dismissal by citing other court decisions that discuss the timeline for exhaustion in general terms.  *See* Defendant's Brief at PageID.180-181.  Defendant's motion to dismiss is based on general observations regarding exhaustion which appear to assume that if both plaintiff and the MDOC used the maximum time to file the grievance, respond, and appeal, plaintiff's November 26, 2024 claim might have been awaiting a Step II response when he filed the complaint:

> Giving Harris the benefit of the doubt and using November 26, 2024, as the date of incident, a Step I grievance on the issues asserted in this complaint was due on December 9, 2024, which would mean that a Step I response would be due back to Harris on January 3, 2025, and that a Step II appeal would be due on January 17, 2025 — *after* Harris filed his complaint.

4

PageID.181 (emphasis in original).  However, plaintiff's complaint does not allege such a clean timeline or any timeline at all.  Rather, plaintiff's complaint refers to an irregularity in the rejections of his grievances in December 2024 and an attempt to "thwart exhaustion".  *See* Compl. (ECF No. 1, PageID.11) (under the heading, "Retaliation, Conspiracy, Cruel & Unusual Punishment, Due Process, Substantive Due Process, Equal Protection, Discrimination").  While plaintiff's constitutional claims regarding the grievance rejections did not survive screening, the complaint does not set forth "undisputed facts" which "conclusively establish an affirmative defense [of lack of exhaustion] as a matter of law."  Rather, defendant presents a speculative, theoretical timeline regarding exhaustion.

Furthermore, plaintiff was not required to address exhaustion in his complaint.  On the contrary, in addressing the affirmative defense of lack of exhaustion, the Supreme Court concluded that "inmates are not required to specially plead or demonstrate exhaustion in their complaints."  *See Jones*, 549 U.S. at 215-16.

Finally, plaintiff's response contests defendant's theoretical timeline stating, among other things: that his grievances were exhausted; that MDOC personnel "arbitrarily falsified rejections to his grievances"; and, that MDOC personnel took actions to thwart exhaustion.  *See* Plaintiff's Response (ECF No. 35, PageID.200-201).  Plaintiff also submitted copies of documents which include a misconduct appeal for the November 24, 2024 incident (ECF No. 35-3).  Plaintiff's response underscores the fact intensive nature of the exhaustion process, and why the affirmative defense of lack of exhaustion should be raised on a motion for summary judgment to produce "a useful administrative record."  *See Jones*, 549 U.S. at 204.  For all of these reasons, defendant's motion dismiss should be denied.

**II.      Recommendation**

Accordingly, I respectfully recommend that defendant Howard's motion to dismiss

(ECF No. 29) be **DENIED**.


Dated: June 8, 2026                                        /s/ Ray Kent
                                                           RAY KENT
                                                           United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk
of the Court within fourteen (14) days after service of the report.  All objections and responses to
objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections
within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474
U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).